IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO FINISHED METALS, INC.,
et al.,

        Plaintiffs,

v.                           No. 06 C 475

ROLL COATER, INC.,

        Defendant.

## MEMORANDUM ORDER

Roll Coater, Inc. ("Roll Coater") has filed both its Answer, including affirmative defenses ("ADs"), and its Counterclaim in this action brought against it by Chicago Finished Metals, Inc. and Terry Andersen. This memorandum order is issued sua sponte to address a few problematic aspects of that responsive pleading.

To begin with, Answer ¶¶4 through 6 assert that the corresponding allegations of the Complaint are moot because the action has been removed from the Circuit Court of Cook County (where those allegations were relevant to the issues of subject matter jurisdiction, personal jurisdiction and venue) to this District Court. But Complaint ¶5's allegation is <u>not</u> moot as to personal jurisdiction over Roll Coater because such jurisdiction remains appropriate based on Roll Coater's doing business in Illinois. As for the other two paragraphs:

    1. It is accurate to say that the allegation in Complaint ¶4 as to the basis for subject matter jurisdiction in the state court no longer has relevance (and is thus

moot) because federal subject matter jurisdiction is based on diversity of citizenship.

    2. Similarly, the state law basis for venue in this locale, as stated in Complaint ¶6, drops out in favor of the federal venue test.

But none of the assertions of mootness are an appropriate predicate for the statement "and therefore Roll Coater denies the same."

More importantly in that respect, a number of paragraphs in the responsive pleading (Answer ¶¶7, 8, 14 through 17 and 24) correctly set out the assertion required to get Roll Coater the benefit of a deemed denial under Fed. R. Civ. P. ("Rule") 8(b)'s second sentence, but each of those paragraphs then goes on to say "and therefore denies the same." That of course is an oxymoron--the absence of information or knowledge sufficient to form a belief as to the truth of an allegation cannot justify its being denied. Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

Finally, each of the ADs poses a problem. Here are the matters that need correction or further action:

    1. ADs 1 and 2 are insufficiently informative, even under the generous principles of notice pleading that are applicable in the federal courts. If Roll Coater expects to advance either or both of the contentions that

have been set out there in purely skeletal form, it must flesh them out promptly in a manner sufficient to apprise plaintiffs and this Court of the basis for those contentions.

2. If Roll Coater plans to advance an argument for transfer under 28 U.S.C. §1404, it must do so immediately or it will be deemed to have waived that argument. In the absence of a motion and notice of motion in that respect filed on or before February 15, 2006, AD 3 will be stricken.

											_____
											Milton I. Shadur
											Senior United States District Judge

Date: February 6, 2006